IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH DAVID JEFFERSON,

    Petitioner

    v.

BRADLEY TRATE, et al.,

    Respondents

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:21-cv-302

Susan Paradise Baxter
United States District Judge

Richard A. Lanzillo
Chief United States Magistrate Judge

Report and Recommendation

I.    Recommendation

For the reasons set forth herein, it is respectfully recommended that this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) be transferred to the United States District Court for the Northern District of Iowa (the "Sentencing Court") for further proceedings.

II.    Report

On March 23, 2015, Petitioner Kenneth Jefferson, an inmate incarcerated at FCI McKean, pleaded guilty in the Sentencing Court to knowingly possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *See United States v. Jefferson*, No. 1:15-cr-10 (N.D. Iowa). The court sentenced Jefferson to a term of 188 months incarceration and a five-year term of supervised release after concluding that Petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e)(1). *Id.*

In the instant petition, Petitioner asks this Court to review the validity of his sentence pursuant to 28 U.S.C. § 2255's "savings clause" based on the Eighth Circuit's decision in *United*

*States v. Oliver*, 987 F.3d 794 (8ᵗʰ Cir. 2020).  As this Court has frequently noted, § 2241 ordinarily "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the <u>execution</u> of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535-38 (3d Cir. 2012) (emphasis added).  Challenges to the <u>validity</u> of a sentence must ordinarily be raised pursuant to § 2255.  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (emphasis added).  There is one important statutory exception: where it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  This provision, commonly referred to as § 2255's "savings clause," forms the lone potential basis for Petitioner's claims in the instant case.  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).

To date, the Court of Appeals for the Third Circuit has only recognized one circumstance in which § 2255's remedy has been deemed "inadequate or ineffective": when a prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  To meet this standard, the petitioner must assert: 1) "a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision" and that he is "otherwise barred from challenging the legality of the conviction under § 2255." *Bruce*, 868 F.3d at 180 (internal quotations and quoting sources omitted).  Importantly, challenges to the applicability of sentencing enhancements, such as that raised by Petitioner in the instant case, do not ordinarily satisfy this standard. *See*, *e.g.*, *Scott v. Shartle*, 574 Fed. Appx. 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the

'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241."); *United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. [Petitioner] has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of [a sentencing enhancement].").

In contrast, the Court of Appeals for the Eighth Circuit's approach to § 2255's savings clause provides that a prisoner may not invoke § 2255(e) to bring a § 2241 petition if he had "any opportunity to present his claim beforehand." *Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021). Pursuant to this approach, "Section 2241 relief is therefore unavailable when the prisoner had an opportunity 'to try' to raise the claim in his § 2255 motion, even if the law at that time was against him, as he could have sought a change in law via a Circuit *en banc* ruling or Supreme Court decision." *Thomas v. Ciolli*, 2023 WL 1100388, at *10 (N.D. Ill. Jan. 30, 2023) (citing *Jones*, 8 F.4th at 687).

In *In re Nwanze*, 242 F.3 521 (3d Cir. 2001), the Third Circuit strongly implied that the validity of a petitioner's sentence should not be governed by where the government chooses to confine him. Consequently, where savings clause jurisprudence varies between the Circuit in which the petitioner was sentenced and the Circuit in which he is confined, the Court may transfer the § 2241 petition to the sentencing court for adjudication pursuant to that Circuit's law. *See, e.g.*, *Handy v. Bradley*, No. 3:18-cv-72 (W.D. Pa. Aug. 2, 2018). Indeed, both Petitioner and Respondent suggest this approach as an alternative to dismissal. *See* ECF No. 11 at 9-10; ECF No. 12 at 3-4. The fact that Petitioner's challenge to his conviction and sentence in the

instant case relies on the Eighth Circuit's decision in *United States v. Oliver*, 987 F.3d 794 (8th Cir. 2020) – a decision which is not binding on this Court – further supports this outcome.

In short, while this Court lacks jurisdiction to consider Petitioner's claims under *Dorsenvail*, it is possible that he may have a remedy under Eighth Circuit law. For the foregoing reasons, and in the interests of justice, it is respectfully recommended that this action be transferred to the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1631.

III.     Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Date:    March 28, 2023